ALFORD, Judge.
This is a suit in quanti minoris wherein plaintiff, Gillis Cure, Sr., purchased a tract of land with certain improvements from defendants, Muriel Hull and her husband, Louis Fontana. After moving in, plaintiff discovered certain alleged defects which are the subject of this suit. The trial court awarded plaintiff $8626 in damages and both parties appealed.
FACTS
By deed dated September 21, 1981,- plaintiff purchased from defendants a 4.04 acre tract of land with certain improvements which included a residence, storage shed and another building structure. The house was approximately 14 years old at the time of sale. The defendants remained in the house for 30 days after the sale. Plaintiff then occupied the house and during the ensuing months discovered problems with the house and surrounding structures. On August 25, 1982, plaintiff filed suit against defendants alleging that there were 33 latent defects in the home and surrounding structures. Plaintiff sought a reduction of the purchase price, damages and attorney’s fees. The trial court found that the foundation of the house had settled which resulted in the house being unlevel and caused cracks to form in the walls and foundation of the house. Plaintiff was awarded $6350 for the defective foundation, $2276 for seven other defects and $1050 in expert fees.
TESTIMONY CONCERNING THE SLAB-FOUNDATION
On appeal, defendants contend that the trial court erred in allowing any testimony on slab-foundation settlement, asserting that plaintiff failed to list anything concerning the foundation of the home in the pleadings. The testimony objected to is that of plaintiff’s experts, Herbert Sanders, who was accepted by the court as an expert in civil engineering and Michael Rogers, who was accepted by the court as an expert contractor. Both experts testified that there were cracks in the house. Mr. Sanders testified that the house was not level and that this problem along with the cracks was caused by differential settlement. This occurs when one area of the house sinks more than another area.
The pertinent part of plaintiff’s petition provides:
A short time after the consummation of the Act of Sale, plaintiff discovered the following missing fixtures and defects and others to be shown on the trial herein:

6. Front porch is separating from foundation of house.
7. Crack extending along front of house.
8. Flower boxes must be removed to repair cracks.
9. Bricks above the front door are cracking and show signs of separating from the wall.
10. Toilets do not flush properly.
It is clear that plaintiff’s petition contained sufficient material facts to place defendants on notice as to the existence of a problem with the foundation. La.Civ.Code art. 891. Furthermore, in his brief, plaintiff states that a report prepared by Mr. Sanders was sent to defendants’ counsel on January 29, 1984. The report, which was dated January 18, 1984, was compiled after Mr. Sanders inspected the home. This report detailed the problems with the foundation.
We find that the trial court did not err in allowing the testimony in relation to the foundation. Plaintiff’s petition contains a specific reference to the foundation and several references to cracks around the home which would place a person on notice as to the existence of a problem with the foundation. We note that defendants did not otherwise appeal the findings of the trial court in relation to the defective foundation and the award of damages.
THE SEVEN DEFECTS
Defendants next contend that the trial court erred in awarding damages for *728 seven other defects. The action for reduction of price or quanti minoris is subject to the same rules that govern an action in redhibition. La.Civ.Code arts. 2541 & 2544. To recover in an action in quanti minoris, a party must prove a latent defect, its existence at the time of sale and the extent of reduction. La.Civ.Code arts. 2520, 2521, 2530, 2541 ■& 2544. If the defects complained of by the purchaser are apparent, that is, such as the purchaser might have discovered by simple inspection, the purchaser cannot recover.
The items of damage that defendants question include replacement of a hood ventilator that was misaligned ($150) and electrical repairs to the main house which consisted of installing a main breaker ($540). The electrical repairs were necessary because there was no main breaker in the house. Plaintiff was awarded $450 for plumbing repairs for the main house after testifying that there was a problem with the hot water line which resulted in there being no hot water. Plaintiff was also awarded $125 for an inoperative ceiling fan, $68 for the cleaning of a wall furnace, $68 for an air conditioner motor that burned out and $875 for electrical wiring of an alleged apartment area because the existing wiring was inadequate and not grounded.
It is apparent that the trial court was of the opinion that these defects existed at the time of the sale and were not apparent. After a careful review of the record, we are convinced that the trial court was not clearly wrong in awarding damages for the above defects. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
EXPERT FEES
The trial court awarded plaintiff $1050 in expert fees. The fees of Mr. Sanders were fixed at $600 and those of Mr. Rogers were $450. Defendants contend that the trial court erred in making these awards. The basis of this contention is that the testimony of Mr. Sanders should not have been allowed and therefore an award of expert fees should be disallowed. However, we found that Mr. Sanders’ testimony was properly allowed, therefore, this contention is without merit.
The bulk of Mr. Rogers’ testimony was concerned with the seven defects for which the trial court awarded damages. We found the trial court was correct in awarding these damages and likewise find that plaintiff is entitled to the expert fees of Mr. Rogers.
PLAINTIFF’S ANSWER TO THE APPEAL
Plaintiff answered defendants’ appeal contending that he should be entitled to damages for an allegedly inadequate air conditioning system, a defective roof, a termite infested storage shed and damages for costs of completing an alleged apartment area.
Plaintiff contends that the air conditioning system is not sufficient to properly cool the home. The trial court found that defendants used a two and one-half ton unit to cool the house for 14 years and that if the air conditioner was insufficient, it was available for inspection by plaintiff. We agree. Plaintiff also contends that defendants should be liable in contract because the purchase agreement stated that the air conditioner would be in working order. There is no evidence that the system was not in good working order at the time plaintiff moved in. Plaintiff only asserts that the system was inadequate. This contention is without merit.
Plaintiff next contends that the roof on the main house needed replacing because it was buckling and crackling. The trial court held that the roof was highly visible and that even with a cursory inspection, plaintiff would or should have discovered the deterioration. We agree with the trial court that this defect was apparent. The same is true for the termite infested shed. The trial court held that the shed’s state of deterioration was visible to *729 the most inexperienced eye and denied recovery. We agree.
Concerning the alleged apartment, plaintiff seeks damages to have the structure converted into residential apartments. He testified that he was told by Mr. Fonta-na that the structure could be converted into apartments with minimal expense. This was denied by Mr. Fontana. There was other conflicting testimony relating to this structure and after hearing this testimony, the trial court denied recovery. In its written reasons for judgment, the trial court stated that plaintiff inspected the structure and that plaintiffs judgment as to what would be required to convert the structure into apartments was as good as that of Mr. Fontana. Although there was conflicting testimony on this subject, the trial court apparently accepted the testimony of Mr. Fontana to be the most credible. Since the trial court is given great discretion in this area we will not disturb its reasonable evaluation of credibility and inferences of fact, even though other evaluations and inferences are as reasonable. Beychok v. Norton, 449 So.2d 32 (La.App. 1st Cir.1984). The trial court is in a better position to observe and evaluate witnesses than a reviewing court. Kikendall v. American Progressive Ins. Co., 457 So.2d 53 (La.App. 1st Cir.1984). We do not find that the trial court was clearly wrong in denying recovery for the conversion of the alleged apartment.
Therefore, for the foregoing reasons, the judgment of the trial court in favor of plaintiff, Gillis Cure, Sr., and against defendants, Muriel Hull and Louis Fontana, is affirmed. Costs of this appeal are to be borne equally by plaintiff and defendants.
AFFIRMED.